UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONARD L. PARKER,

        Petitioner,

v.                                                Case No. 11-C-9

WILLIAM POLLARD,

        Respondent.

**ORDER**

Leonard Parker filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of reckless homicide and armed robbery. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition asserts four claims, although they fall into two general categories. The first two claims, which were presented to and considered by the state courts, involve the trial court's refusal to suppress Petitioner's confession. The second two claims, which Petitioner raised in a post-conviction motion, involve Petitioner's argument that black jurors were improperly excluded from the jury, in violation of *Batson v. Kentucky,* 476 U.S. 79, 86 (1986).

The *Batson* claims were rejected by the state courts pursuant to *State v. Escalona-Naranjo,* 185 Wis.2d 168, 181, 517 N.W.2d 157 (1994), which makes it clear that absent a showing of a "sufficient reason," post-conviction proceedings under Wis. Stat. § 974.06 cannot be used to review issues which either were or could have been litigated on direct appeal, effectively precluding further state review. The state courts concluded that Petitioner should have raised his *Batson* issue during his direct appeal (and he should have objected before the jury was sworn, as well), and he provided no compelling reason to allow him to raise it in his § 974.06 proceedings. *State v. Parker,* 2010 WI App 71, 325 Wis.2d 402, 2010 WL 1658444. "Federal courts recognize *Escalona-Naranjo*'s procedural bar as an independent and adequate state law ground to support dismissing claims." *Greene v. Pollard,* 677 F. Supp.2d 1073, 1092 (W.D. Wis. 2009). Because the state courts relied on an independent and adequate reason for rejecting these claims, federal relief under § 2254 is not available.

Petitioner's first claim asserts that the state courts erred in not considering the totality of the circumstances involved in Petitioner's interrogation. The court of appeals summarily rejected his challenge to the voluntariness of his confession:

> Parker's argument relies on facts such as his own limited legal experience and intelligence, his youthful age of twenty, his likely lack of sleep, the length of the interrogation, and the manner of questioning. Without attempting to set forth the

2

> detailed facts here, we are satisfied that the conditions of Parker's interrogation were less onerous than circumstances of other interrogations that have been held to produce voluntary statements.

*State v. Parker,* 2007 WI App 251, 2007 WL 3101989, *1 (Wis. Ct. App. 2007).

Petitioner alleges that this "one-size-fits-all" approach violates the Constitution because it fails to account for more nuanced circumstances that can result in coercion, such as Petitioner's mental health. This at least states a colorable claim upon which habeas relief could be granted, and as such I will direct the state to respond.

The second claim challenges the waiver of the right to counsel during the interrogation. The court of appeals rejected the claim on the grounds that the trial court conducted a hearing and found that Petitioner had not invoked his right to counsel. Petitioner's present argument seems to be that his mental state at the time would have precluded him from making a knowing waiver of the right to counsel. Although it is not clear if this was the argument presented to the state courts, I conclude that it should be addressed in the state's response as well. The state need not respond to the *Batson* claims, which are hereby dismissed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) respondent shall have 45 days following the filing of its answer within which to file a brief in opposition; and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order will be sent via a Notice of Electronic Filing1 ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___15th___ day of March, 2011.

                                                    s/ William C. Griesbach
                                                    William C. Griesbach
                                                    United States District Judge