UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONARD L. PARKER,

        Petitioner,

v.                                                            Case No. 11-C-9

WILLIAM POLLARD,

        Respondent.

## DECISION AND ORDER

Leonard Parker filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of reckless homicide and armed robbery. He is currently incarcerated at Green Bay Correctional Institution.

In a screening order pursuant to Rule 4 of the Rules Governing § 2254 Cases, I concluded that two of his claims were not properly before me because they had been procedurally defaulted in the state courts. I directed the respondent to respond and brief the remaining two claims.

These two claims, which were presented to and considered by the state courts, involve the trial court's refusal to suppress Petitioner's confession. He alleges that his confession was involuntary and that the officers who interrogated him ignored his request for counsel. As to the first claim, Petitioner asserts that his confession was involuntary and that the state courts erred in not considering the totality of the circumstances involved in his interrogation. The court of appeals summarily rejected his challenge to the voluntariness of his confession:

> Parker's argument relies on facts such as his own limited legal experience and intelligence, his youthful age of twenty, his likely lack of sleep, the length of the interrogation, and the manner of questioning. Without attempting to set forth the detailed facts here, we are satisfied that the conditions of Parker's interrogation were less onerous than circumstances of other interrogations that have been held to produce voluntary statements.

*State v. Parker,* 2007 WI App 251, 2007 WL 3101989, *1 (Wis. Ct. App. 2007).

I allowed the claim to proceed because it was conceivable that the state courts had overlooked certain aspects of the interrogation, including the Petitioner's mental health. But it is now clear that they did not.

The voluntariness of a confession is a question of fact. *United States v. Lee,* 618 F.3d 667, 676 (7th Cir. 2010). Factual determinations made by state courts are entitled to substantial deference in federal habeas proceedings. Even if the question is a partly legal one, a federal court still defers to the state court's ruling. *Ward v. Sternes,* 334 F.3d 696, 702-03 (7th Cir. 2003) ("In a post-AEDPA world . . . where state court adjudications on the merits of petitioner's challenges are entitled to deference regardless of whether we classify them as questions of fact, law, or mixed, the outset classification [of fact versus law] is of diminished importance.")

Immediately prior to trial, the trial court conducted a hearing on Petitioner's suppression motion. The suppression motion had been based on Petitioner's assertion that he had requested a lawyer during or prior to his confession but the police had denied him one. During the hearing, however, Petitioner testified that he had not understood his right to counsel. This latter assertion, which he now presses, was not consistent with the original purpose of the suppression hearing: how could a defendant claim to have invoked the right to counsel and then later claim that he didn't understand he had the right to counsel? During the hearing Petitioner testified that he did request

counsel but the detectives ignored him and at least twice refused him a lawyer. On cross-examination, he stated that he *did* understand the right to counsel. ("Only thing I understand was like as far as the lawyer, I know that you always supposed to ask for a lawyer." Dkt. # 9, Ex. 13 at 48:14-15.) There was ample testimony from several detectives that Petitioner had repeatedly stated that he understood his rights, and Petitioner testified that he did ask for counsel.

Not surprisingly, the trial judge found this line of testimony incredible and concluded that the Petitioner's testimony was "evolving." (*Id.* at 68:4.) She found beyond any doubt that he *had* been read his rights, given the testimony of numerous officers who she found credible, and that he had not established or even argued that he was laboring under some sort of mental impairment. (After all, such an assertion was inconsistent with his principal argument that he *had* invoked his right to counsel.)

The Petitioner's argument that he has a learning disability does not suffice to overturn the state court's findings. Learning disabilities are quite common, and the mere fact that an individual has difficulty learning does not mean he is not competent to understand his legal rights. As noted above, this is reflected in the fact that Petitioner himself conceded that he *did* understand the right to counsel during the suppression hearing.

The same holds true for Petitioner's other assertions, such as the fact that his confession occurred late at night or that he was unschooled in the law. First, as just noted above, Petitioner testified during his suppression hearing that he requested a lawyer multiple times and that he understood the right to counsel. He testified that he did not fully understand what the right to remain "silent" meant, but his explanation of that unlikely position was vague and unsatisfying. In particular, he explained that he did not fully understand it because the detective "just read through

3

the [Miranda] card and everything just went in and out my head at the same moment." (*Id.* at 50:15-16.) And, when confronted with signed statements indicating that he had been read his rights and he understood them, Petitioner merely said that he signed the statements without reading them.

It is clear that Petitioner's efforts were nothing more than an attempt to manufacture an issue of voluntariness. With nothing more to go on than vague assertions of confusion or fatigue, the trial court understandably rejected Petitioner's arguments. Seeing nothing out of the ordinary, the court of appeals affirmed. I cannot say that these conclusions were erroneous, much less that they contravened clearly established federal law or were unreasonable determinations of the facts. 28 U.S.C. § 2254(d).

To the extent Petitioner also renews his challenge to the state courts' conclusion that he waived the right to counsel during the interrogation, his challenge will fail. The trial court conducted a hearing and found that Petitioner had not invoked his right to counsel. As noted earlier, determinations of facts made by state courts are entitled to substantial deference. In fact, it is difficult to envision an articulable reason a federal court might ever have for concluding that a state trial court made a factual error when the state judge presided over a hearing, listened to testimony, and made a conclusion based on witness credibility. Here, the trial judge believed the testimony of several officers, all of whom testified that Petitioner had waived the right to counsel. He signed statements indicating that he had been read his rights and had waived his right to counsel. The trial court indicated it had "no question" that Petitioner had waived his rights. (*Id.* at 69:4.) Based on this record, relief under § 2254 is not available to Petitioner.

After this Court issued its Rule 4 screening order dismissing two claims on the basis of procedural default, Petitioner filed a motion for reconsideration in which he asked that the Court

4

consider whether he could show cause for that default. In particular, he asserts that his trial attorney's ineffectiveness was the cause of his failure to raise the *Batson* issue prior to his trial or on appeal. *See Batson v. Kentucky,* 476 U.S. 79 (1986). Petitioner is correct that an independent state procedural rule, like *Escalona-Naranjo,* which was relied upon here, will not bar federal habeas review if the petitioner can show cause and prejudice. Ineffective assistance of counsel can constitute cause.

Here, however, Petitioner does not explain how counsel was ineffective for failing to raise a *Batson* challenge. First, I note that the state courts found that ineffective assistance had not been demonstrated. The court of appeals concluded that Petitioner "does not explain in more than conclusory allegations why trial counsel was ineffective for failing to raise a *Batson* objection." *State v. Parker,* 2010 WI App 71 ¶ 6, 325 Wis.2d 402, 2010 WL 1658444 (Wis. Ct. App. 2010). In fact, Petitioner concedes as much in his brief in this case. He states that he did not suspect he had any grounds for a *Batson* challenge until he was incarcerated and began discussing his case with other inmates. He claims that other inmates who were prosecuted by the same assistant district attorney expressed similar *Batson* concerns to him. Because he did not learn of this until *after* his trial, he cannot expect his trial attorney to have known there were grounds for a *Batson* challenge *prior to* his trial (assuming there were such grounds). In short, it is not ineffective assistance for a defense lawyer to fail to investigate the pretrial jury practices of the prosecuting attorney on the off-chance that some nefarious racial history will emerge. Since the basis of the *Batson* claim was not discovered by the petitioner until much later, he cannot now claim that his attorney was ineffective for failing to raise the issue earlier.

A certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). The certificate must identify each substantial constitutional question. 28 U.S.C. § 2253(c)(3); *Beyer v. Litscher,* 306 F.3d 504 (7th Cir.2002). If there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Owens v. Boyd,* 235 F.3d 356 (7th Cir.2000). Any substantial non-constitutional issue must be identified specifically in the certificate. 28 U.S.C. § 2253(c)(3). If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal. *See Anderson v. Litscher,* 281 F.3d 672 (7th Cir.2002). *See, generally, Davis v. Borgen,* 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, I conclude that there are no substantial constitutional issues and that reasonable jurists would not debate the outcome. Petitioner's own testimony undermined his claims regarding his confession, and trial counsel does not have an obligation to conduct investigations of prosecutors' peremptory challenges. Accordingly, a COA will be denied.

For the reasons given above, the motion for reconsideration is **GRANTED**. The petition, however, is **DISMISSED**. A certificate of appealability is **DENIED**.

**SO ORDERED** this     18th     day of January, 2012.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge